UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIE O'STEEN, et al.,

    Plaintiffs,

v.                      Case No. 8:16-cv-2993-T-33MAP

WELLS FARGO BANK, N.A., et al.,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court sua sponte. On October 24, 2016, Plaintiffs filed this action in the Tampa Division of the Middle District of Florida. (Doc. # 1). In their Complaint, Plaintiffs alleged in a general fashion that one or more of the Defendants resided within the Middle District. See, e.g., (Id. at ¶¶ 6, 8). The Amended Complaint follows the first Complaint's manner of generally alleging facts as to venue. (Doc. # 43). Accepting the allegations at face value, the Court allowed the action to proceed within the Tampa Division.

    Then, on April 28, 2017, two Defendants moved to strike Plaintiffs' jury demand, which for the first time indicated the underlying property to this action was located in Brevard County, Florida. (Doc. # 64 at 2). In light of this new

information, the Court ordered Plaintiffs to show cause why this action should not be transferred to the Orlando Division, which encompasses Brevard County, pursuant to Local Rules 1.02(c) and 1.02(e). (Doc. # 68). Plaintiffs timely responded. (Doc. # 70). Notably, Plaintiffs "would not object to a transfer to the Orlando Division if this Court deems such a transfer to be in the interests of justice." (Id. at ¶ 8).

Local Rule 1.02(c) prescribes that "[a]ll civil proceedings . . . shall be instituted in that Division encompassing the county . . . having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." Here, the claim arose from conduct relating to property located in Brevard County. Moreover, Plaintiffs reside within Brevard County. And Plaintiffs' reliance on 28 U.S.C. §§ 1391(c) and (d) does not persuade the Court that venue properly lies in the Tampa Division because those sections, by their plain terms, address the district—as opposed to the division—in which an artificial entity is deemed to reside.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This action is transferred to the Orlando Division of the Middle District of Florida pursuant to Local Rules 1.02(c) and 1.02(e).

(2) The Clerk shall transfer the action according to its normal procedures and, once transfer is effected, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of May, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE